UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4113

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MAURICE DESHON ARNOLD,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00122-H-1)

Submitted:  November 22, 2016        Decided:  December 8, 2016

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, Greenville, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Deshon Arnold pled guilty, pursuant to a plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012). The district court sentenced Arnold to 93 months' imprisonment, giving Arnold credit for time served in state custody on an undischarged term of imprisonment. The court ordered Arnold's sentence to run consecutively to the remainder of his state sentence. Arnold challenges the court's decision to impose a consecutive sentence, arguing that the court erred in its application of the Sentencing Guidelines and failed to provide a sufficient explanation for its decision. Finding no reversible error, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range and adequately explained its chosen sentence. Gall, 552 U.S. at 51. We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion but review de novo whether the district court properly applied the relevant

Guidelines. United States v. Puckett, 61 F.3d 1092, 1097 (4th Cir. 1995).

While some of the conduct resulting in Arnold's undischarged state sentence was included in the relevant conduct for the instant offense, the conduct resulting in Arnold's conviction for negligent child abuse causing serious bodily injury was not. Accordingly, the district court had discretion to order Arnold's sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S. Sentencing Guidelines Manual § 5G1.3(d), p.s. (2015); see USSG § 5G1.3 cmt. n.2(A) (providing that § 5G1.3(b) applies and concurrent sentence is appropriate when "all of the prior offense is relevant conduct to the instant offense"). We also conclude that the court adequately considered the appropriate factors in deciding whether and to what extent to run Arnold's sentence consecutively to the remainder of the undischarged state sentence and that its explanation for its chosen sentence was sufficient. See 18 U.S.C. § 3584(b) (2012) (referencing 18 U.S.C. § 3553(a) (2012)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
